IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10344
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHN JOSEPH MIOTKE,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-119-1
- - - - - - - - - -
December 9, 1998

Before DAVIS, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     John Joseph Miotke appeals the district court's application
of U.S.S.G. § 2B5.1(b)(2), to enhance his base offense level.
Miotke contends that the enhancement does not apply to his case
because he produced the counterfeit currency by photocopying, and
Application Note 4 to § 2B5.1(b)(2), by its plain language,
precludes application of the enhancement to persons who merely
photocopy notes.  Alternatively, Miotke contends that the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

commentary to the Sentencing Guideline is ambiguous and should be interpreted in his favor.

We review "the district court's application of the Sentencing Guidelines *de novo* and its findings for clear error." *United States v. Wyjack*, 141 F.3d 181, 183 (5th Cir. 1998) (citation omitted). Miotke's argument is foreclosed by the interpretation of § 2B5.1(b)(2) and Application Note 4 advanced in *Wyjack*, 141 F.3d at 183. There, we concluded that "the enhancement contemplated by § 2B5.1(b)(2) applies to counterfeiters who produce instruments by photocopying, unless the instruments produced are so obviously counterfeit that they are unlikely to be accepted after only minimal scrutiny." *Id.*

The district court's determination on the quality of counterfeit notes, made by examination or based on witness' testimony, in determining whether to apply the § 2B5.1(b)(2) enhancement, is a factual finding, which is subject to the clearly erroneous standard of review. *United States v. Bollman*, 141 F.3d 184, 186-87 (5th Cir. 1998). A finding is not clearly erroneous "as long as the determination is plausible in light of the record as a whole." *United States v. Ismoila*, 100 F.3d 380, 396 (5th Cir. 1996)(citation omitted), *cert. denied*, 117 S. Ct. 1712, 1858 (1997).

The district court determined by examination and based on credible testimony that the counterfeit instruments produced by Miotke were not so obviously counterfeit that they were unlikely to be accepted after only minimal scrutiny. Miotke has not shown

that the district court's finding was clearly erroneous.

Accordingly, Miotke's conviction and sentence are AFFIRMED.

AFFIRMED.